## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN LAVALLE, and | : | No. 3:07cv216 |
| DENISE LAVALLE, | : | |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| RESORTS USA, INC., | : | |
| RESORTS GROUP, INC., | : | |
| HaRa CORP., | : | |
| TREE TOPS, INC., | : | |
| OUTDOOR WORLD CORP., and | : | |
| JOHN DOE 1-10, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court is defendants' motion in limine regarding the snowtubing release of liability signed by plaintiff (Doc. 14). Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises out of a slip-and-fall accident that occurred on February 5, 2005 at the Fernwood Hotel & Resorts snowtubing facility in Bushkill, Pennsylvania. (Complaint (Doc. 1) (hereinafter "Complt." at ¶¶ 9-10). Plaintiffs were guests at the resort on that evening, and had spent the day snowtubing. (Id. at ¶ 9). At some point while leaving the snowtubing area, Plaintiff Warren LaValle slipped on ice and fell, breaking his left ankle and injuring his shoulder and hip. (Id. at ¶ 10). The parties disagree about whether plaintiff fell on blacktop in the resort's parking lot or

closer to the snowtubing facility.  (See Defendants' Motion in Limine Regarding the

Release of Snowtubing Liability (Doc. 14) at ¶ 1; Plaintiffs' Response to Defendants'

Motion in Limine (Doc. 16) at ¶ 1).  They agree, however, that plaintiff was "exiting"

the snow-tubing area when he fell.  (See Defendants' Motion in Limine at ¶ 2

(claiming that "[a]s plaintiff was exiting the snowtubing area, he claims he slipped

and fell on ice"); Plaintiffs Brief in Opposition to Defendants' Motion in Limine (Doc.

16) at 3).[1]

Before engaging in snowtubing, Plaintiff Warren LaValle signed a "Release of

Liability for Snowtubing" in which he agreed to "release Operator and its owners,

agents, affiliates, parent companies, and employees, as well as the equipment

manufacturers and distributors, from any and all liability to me or my property

resulting from acts of negligence" in relation to plaintiff's participation in snowtubing.

(Release of Liability for Snowtubing (hereinafter "Release"), Exh. A to Defendants'

Motion in Limine).  Defendants argue that a question of fact exists over whether this

release should apply to plaintiff's accident and that the question should be decided

by a jury.  They seek to have the document admitted into evidence at trial.

**Jurisdiction**

The plaintiffs are citizens of New Jersey.  Defendants are businesses

incorporated in Pennsylvania or states other than New Jersey, and have their

---

[1]Plaintiffs filed two documents, one titled "Plaintiffs' Response" and one titled
"Plaintiffs' Brief in Opposition."  These two documents, however, share the same docket
number.

principle place of business in Pennsylvania.  The amount in controversy exceeds

$75,000.  This court therefore has jurisdiction pursuant to 28 U.S.C. § 1332.

**Discussion**

The issue in this case is whether a jury should be allowed to decide if the

release in question applies to the events that led to the Plaintiff Warren LaValle's

injuries.  As we are sitting in diversity, we apply Pennsylvania's substantive law to

the controversy.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing

Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).  Under Pennsylvania law,

"exculpatory clauses" like the release in question are "admittedly not favored in the

law."  Zimmer v. Mitchell and Ness, 385 A.2d 437, 439 (Pa. Super. Ct. 1978).

Despite this disfavor and the fact that such releases "must be strictly construed

against parties asserting them," they "are enforceable as long as the following

requirements are met: 1) the release does not undermine any legal policy; 2) the

release is a contract amongst individuals relating to their private affairs; 3) each

party to the release was a free bargaining agent; and 4) the release spells the intent

of the parties with particularity."  Wang v. Whitetail Mt. Resort, 933 A.2d 110, 113

(Pa. Super. Ct. 2007).  Courts are to use common sense when interpreting such

agreements.  Zimmer, 385 A.2d at 439.

"[A] release covers only those matters which may be fairly said to have been

within the contemplation of the parties when the release was given."  Restifo v.

McDonald, 230 A.2d 199, 201 (Pa. 1967).  "[O]rdinarily the words of a release should

3

not be construed to extend beyond the express consideration mentioned so as to make a release for the parties which they never intended or contemplated." In re Brill's Estate, 12 A.2d 50, 52 (Pa. 1940).  In interpreting a release, the "effect" of such a document "must be determined from its language, given its ordinary meaning unless a different meaning was clearly intended." In re Estate of Bodnar, 372 A.2d 746, 748 (Pa. 1977).

The release in question here operates to excuse defendants from liability for any snowtubing injuries that are the result of the operator's negligence or the snowtuber's actions while engaged in that activity.  The release applies to "Operator and its owners, agents, affiliates, parent companies, and employees, as well as the equipment manufacturers and distributers." (Release).  Construed strictly against the party asserting the applicability of the release, however, the release is limited to the plaintiff's participation in the actual activity of snowtubing.  In signing the release, LaValle affirmed that "I understand and am aware that snowtubing is a HAZARDOUS ACTIVITY.  I understand that snowtubing and the use of snowtubes involves a risk of injury to any and all parts of my body.  I hereby freely and expressly assume and accept responsibility for any and all risks of injury or death *while participating in that activity*." (Id.). (emphasis added).  The ordinary meaning of "participating" is "to take part." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (10th Ed.).  An activity is "a pursuit in which a person is active."  The release's description of the potential sources of injuries indicate that the activity in question includes riding

4

a snowtube down a hill, dismounting from that tube at the bottom of the run, and

riding a chair lift or using a rope tow, and we take these to be what the lease

describes as snowtubing.[2]  (Release).

  We would find that the release applies to this incident if the plaintiff had been

injured while snowtubing, including dismounting from the tube at the end of the

---

   [2]The release states that:
  I acknowledge and understand that some, but not necessarily all of the **RISKS OF SNOWTUBING** include the following:

-   Variations in the steepness and configurations of the snowtubing chutes, runout area, and counter slope, and the surface upon which snowtubing is conducted, which can vary from wet, slushy conditions to hard packed, icy conditions and everything in between;
-   Fences and/or barriers at or along portions of the snowtubing area, the absence of such fences and/or barriers and the inability of fences and/or barriers to prevent or reduce injury;
-   Changes in the speed at which snowtubes travel depending on surface, the weight of snowtubers and the inter-linking of snowtubes together to go down the snowtube runs;
-   The chance that a patron can fall out, be thrown out or otherwise leave the snowtube;
-   The chance that a snowtube can go from one run into another run, regardless of whether or not there is a barrier between runs, and the chance that a snowtube can go up and over the counter slope;
-   The chance that a snowtube can go up the counter slope and then slide back into the general runout area;
-   Collisions in the runout area or counter slope and other locations of the snowtubing facility, between snowtubes, between a snowtube and another patron, between a snowtube and a snowtubing facility attendant, collisions with fixed objects, obstacles or structures located within or outside of the snowtubing facility, and other sorts of collisions; and
-   The use of snowtubing lift or tow, including falling out of a tube, coasting backwards, becoming entangled with equipment and other risks.

The defendants (proponents of the release) do not contend that the injury occurred in the run-out area, and we find that the release cannot fairly be read to assume that the signer contemplated releasing any claims that arose outside of the activity of snowtubing or the snowboarding area covered by the release.  The fact that defendants argue that the release should be a fact question for the jury indicates that defendant agrees that the release should not apply to all of plaintiff's activities at the ski hill.

snowtubing run or making his way to the lift or rope tow.  Here, however, plaintiff had

left the tubing area and ceased the activity of tubing.  Both sides agree that plaintiff's

injury came not while he was snowtubing, but after he had finished with that activity

and was outside of the runs where snowtubing occurred.  He was therefore not

engaged in the activity of snowtubing.  We disagree with the defendants that a jury

should decide this question.  There are no questions of fact about whether plaintiff

was engaged in the activity of snowtubing while he was injured, and the release

cannot apply.  We will therefore deny the defendants' motion in limine to allow the

introduction of the release into evidence.  Because the release does not cover

plaintiff's slip-and-fall, it does not "have any tendency to make the existence of any

fact that is of consequence to the determination of the action more probable or less

probable," and is therefore not relevant to the case.  FED. R. EVID. 401.  An

appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WARREN LAVALLE, and** | : | **No. 3:07cv216** |
| **DENISE LAVALLE,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **RESORTS USA, INC.,** | : | |
| **RESORTS GROUP, INC.,** | : | |
| **HaRa CORP.,** | : | |
| **TREE TOPS, INC.,** | : | |
| **OUTDOOR WORLD CORP., and** | : | |
| **JOHN DOE 1-10,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

   **AND NOW**, to wit, this 15th day of April 2008, the defendants' motion in limine

regarding the snowtubing release of liability (Doc. 14) is hereby **DENIED**.


                              **BY THE COURT:**

                              **s/ James M. Munley**
                              **JUDGE JAMES M. MUNLEY**
                              **UNITED STATES DISTRICT COURT**